JAMES P. GRAVES, plaintiff in error, *vs.* JOHN T. WINGFIELD, executor, defendant in error.

The aid or comfort given by the plaintiff in the judgment to the Confederate Government, or to its soldiers, such as the payment of taxes, the furnishing of slaves to work on fortifications, the speaking in favor of the government, or the war, the furnishing of provisions to the government and its soldiers and their families, although voluntarily done, was not sufficient to entitle the movant to have the judgment reduced under the Relief Act of 1868, as such acts did not sufficiently connect the plaintiff with the losses sustained by the movant.

Relief Act of 1868. Judgment. Confederate States. Before Judge CLARK. Lee Superior Court. March Term, 1873.

Graves *vs.* Wingfield.

For the facts of this case, see the decision.

FREDERICK H. WEST; RICHARD F. LYON, for plaintiff in error.

G. W. WARMOCK; VASON & DAVIS, for defendant.

WARNER, Chief Justice.

This was an application to reduce and scale a judgment obtained on a debt contracted prior to the 1st of June, 1865, under the provisions of the 2d section of the Relief Act of 1868. On the trial of the issue, the Court charged the jury that no aid or comfort given by the plaintiff in the judgment to the Confederate Government, or to its soldiers, such as the payment of taxes, the furnishing slaves to work on fortifications, the speaking in favor of the government, or the war, the furnishing provisions to the government and its soldiers and their families, although voluntarily done, was not sufficient to entitle the movant to have the judgment reduced under the Relief Act of 1868, as such acts did not sufficiently connect the plaintiff with the losses sustained by the movant. To which charge, the movant excepted. According to the rulings of this Court heretofore made in similar cases, under the provisions of the Relief Act of 1868, there was no error in the charge of the Court to the jury, in view of the facts disclosed by the record: *Gunn vs. Hendry,* 43 *Ga. R.,* 556. In view of the previous rulings of this Court upon the question made in the record, ten per cent. damages is awarded for delay, as provided by the 4221st section of the Code.

Let the judgment of the Court below be affirmed, with damages.